**\*\*E-filed 10/6/09\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD M. PEEKEMA,

      Plaintiff,

v.

BAY AREA AIR QUALITY MANAGEMENT DISTRICT,

      Defendant.
_____/

**No. C  09-03283 RS**

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION**

## I. INTRODUCTION

Plaintiff Richard Peekema brings this action challenging the right of defendant Bay Area Air Quality Management District (BAAQMD) to impose fees on entities that emit "greenhouse gasses" in the district. Peekema's contention is that BAAQMD has exceeded its authority under California state law by imposing such fees. Because Peekema cannot identify any federal law that either authorizes or prohibits the fees, this action presents no federal question to be decided, and therefore this Court lacks jurisdiction over the controversy. Accordingly, BAAQMD's motion to dismiss will be granted.[1]

---

[1] BAAQMD's unopposed request for judicial notice of various public resolutions of its board of directors and of the fee regulation in dispute is granted.

United States District Court
For the Northern District of California

## II. BACKGROUND

BAAQMD is a regional agency created by the California state legislature and charged with regulating stationary sources of air pollution in the nine counties surrounding San Francisco Bay. See Cal. Health and Safety Code §§ 40000 *et seq*. (air pollution control districts generally), 40200 *et seq*. (BAAQMD specifically). Under its "Regulation 3," BAAQMD imposes a variety of fees for a wide range of activities affecting air quality. Regulation 3 was amended in May of 2008 to impose for the first time a fee on emitters of carbon dioxide. Carbon dioxide is *not* a toxic air pollutant, and historically it has not been regulated on the state or federal level. It is, however, a "greenhouse gas." The Supreme Court has explained: "A well-documented rise in global temperatures has coincided with a significant increase in the concentration of carbon dioxide in the atmosphere. Respected scientists believe the two trends are related. For when carbon dioxide is released into the atmosphere, it acts like the ceiling of a greenhouse, trapping solar energy and retarding the escape of reflected heat. It is therefore a species-the most important species-of a 'greenhouse gas.'" *Massachusetts v. E.P.A*, .549 U.S. 497, 504-05 (2007).

Peekema contends that BAAQMD's regulation of carbon dioxide emissions is "premature." Although in 2006 the California legislature directed the State Air Resources Board to begin addressing greenhouse gas emissions, Cal. Health and Safety Code §§ 38500 *et seq*., Peekema asserts no state regulation has yet issued that would give BAAQMD the authority to tax carbon dioxide emissions.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject matter jurisdiction over the claims asserted. As Peekema is the party seeking to invoke the court's jurisdiction, he bears the burden of establishing subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the

complaint fails to allege grounds for federal subject matter jurisdiction, i.e., that the lack of jurisdiction appears from the "face of the complaint," or on the basis that the court lacks jurisdiction as a matter of fact, i.e., lack of jurisdiction based on extrinsic evidence apart from the pleadings. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *McMorgan & Co. v. First Calif. Mortgage Co.*, 916 F. Supp. 966, 973 (N.D. Cal. 1995).

## IV.  DISCUSSION

As an initial matter, the complaint itself asserts that jurisdiction exists because the action "arises under a federal statute, 28 U.S.C. § 2201." That statute, however, is the Declaratory Judgment Act, and it is well-settled that it does not confer federal jurisdiction where none otherwise exists. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).[2]

Peekema's opposition brief relies on the fact that the State Air Resources Board and BAAQMD both administer numerous programs designed to comply with the state's obligations under the federal Clean Air Act. Peekema points to the dual state and federal regulation of air pollutants to assert there is a "close linkage of the state to the federal law." Peekema also argues that the Supreme Court's 2007 decision in *Massachusetts v. E.P.A* that carbon dioxide is a pollutant subject to EPA regulation means that BAAQMD's action "appears to be linked in time with the federal position on carbon dioxide."

It may very well be that BAAQMD and the EPA work in tandem on a host of matters, and that in some cases BAAQMD operates to further federal law. It may also be that the state and federal governments have both begun to take similar positions on the importance of addressing greenhouse gasses. That, however, does not mean that *this* specific action "arises under" federal law in any sense sufficient to confer jurisdiction. BAAQMD points out that it is not claiming federal law gives it authority to regulate carbon dioxide emissions. Similarly, Peekema does not contend that federal law in any way *prohibits* BAAQMD from imposing the fees to which he objects.

---

[2]  Peekema's opposition to the motion to dismiss appears to recognize this principle, by not expressly relying on 28 U.S.C. § 2201 as the basis for jurisdiction.

Rather, Peekema's complaint plainly seeks to preclude a state agency from acting without what Peekema believes is sufficient authority from the state.[3] Subject matter jurisdiction over such a claim does not lie in the federal courts.

## V. CONCLUSION

The motion to dismiss is granted.

IT IS SO ORDERED.

Dated: 10/6/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

---

[3] At the hearing, Peekema likened his complaint to a box that has been presented to the Court, and the jurisdictional question as being akin to a decision as to whether it is appropriate for the Court to open the box. The Court agrees that under this useful analogy, it would not be correct to begin *deciding* the issues inside the box as part of evaluating jurisdiction. The Court necessarily *must*, however, conduct some evaluation as to what those issues *are* to determine whether they present a federal question or not. Accordingly, the Court has examined the allegations of the complaint, as elucidated by the arguments presented in the briefing, to decide whether the claims arise under Federal law. The Court has not, however, made any evaluation of the merits of Peekema's claim that BAAQMD presently lacks authority to impose the challenged fees.